BENJAMIN BARON, APPELLEE, v. CITY OF BAYONNE, APPELLANT.

Submitted May 17, 1929—Decided June 21, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Maurice C. Brigadier.*

For the appellee, *Benjamin Baron, pro se.*

PER CURIAM.

The suit arises out of a collision between the defendant's truck and an automobile belonging to the plaintiff which was

parked. Of the four grounds of appeal the first three relate to the admission of evidence and the fourth is that the court erred in refusing a nonsuit.

No question was raised about the negligence of the driver of the truck. The fundamental question in the case was whether the city as a municipal corporation was liable for that negligence; the plaintiff's claim that such liability existed was predicated on the proposition that the truck was a truck of the Bayonne water department, and that as in most other cases the city operated its water plant and sold water to customers at a price intended to cover expenses and perhaps produce a profit. It was in evidence that the city sold water to outside manufacturing plants in addition to its own citizens, and that would ordinarily be enough to bring it within the principle laid down in such cases as *Olesiewicz* v. *City of Camden,* 100 *N. J. L.* 336.; and the very recent case of *Harper* v. *East Orange,* 6 *N. J. Adv. R.* 1539, in which the water department of that city was involved.

The defendant undertook to show that as a matter of fact the city did not make any profit on its sales of water but actually made a loss. These questions were excluded as immaterial and properly so, as that is not the legitimate test of liability.

The judgment will be affirmed.